[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14737
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cr-00031-CAR-CHW-1

SHERMAN DICKEY,
a.k.a. Pain,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 22, 2013)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

On December 2, 2010, a jury found Sherman Dickey guilty of possession with intent to distribute more than five grams of crack cocaine on August 14, 2009, in violation of 21 U.S.C. § 841(a), and on May 24, 2011, the District Court sentenced him to prison for a term of 120 months.  Dickey then brought this appeal, challenging his conviction and sentence.

In his brief on appeal, though, he challenges only his conviction, raising one issue:  Whether the district court abused its discretion in admitting under Federal Rule of Evidence 404(b), over objection, the testimony of George Halliburton, a sheriff's office investigator, about the events leading up to Dickey's arrest in 2004 for possession of cocaine with intent to distribute, because "the Government failed to provide notice, as requested and ordered, and the testimony was more prejudicial under Rule 403 than probative."  Appellant's Brief at 4.

Rule 404(b) forbids the admission of evidence of "a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b).  Such evidence may be admissible for other purposes, though, such as to prove intent. *Id.*; *States v. Baker*, 432 F.3d 1189, 1204 (11th Cir. 2005).  Rule 404(b) requires that "upon request by the defendant in a criminal case, the prosecutor must: (A) provide reasonable notice of the general nature of any such evidence it intends to offer at trial; and (B) do so before trial."  Fed. R. Evid. 404(b).  To be admissible,

2

the Rule 404(b) evidence must (1) be relevant to an issue other than the defendant's character, (2) be sufficiently proven to allow a jury to find that the defendant committed the extrinsic act, and (3) possess probative value that is not substantially outweighed by its undue prejudice under Federal Rule of Evidence 403. *United States v. Sanders*, 668 F.3d 1298, 1314 (11th Cir. 2012).

Rule 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  In reviewing the third prong of Rule 404(b) admissibility under Rule 403, we "look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *United States v. Edouard*, 485 F.3d 1324, 1344 n.8 (11th Cir. 2007) (quotation omitted).  Jury instructions regarding the proper use of Rule 404(b) evidence can minimize the evidence's prejudicial impact. *United States v. Brown*, 665 F.3d 1239, 1247 (11th Cir. 2011).

Dickey did not object at trial to the admission of the Rule 404(b) evidence on the ground that the Government failed to provide adequate notice, nor did he argue that he was unprepared to confront Halliburton on cross-examination.  We therefore review the notice issue for plain error—that the District Court should have known, through established precedent, that it would constitute an abuse of

3

discretion if it permitted the Government to introduce Rule 404(b) evidence without providing Dickey the requisite notice.  Dickey has provided no precedent to that effect, and we find none.  Hence, there was no plain error.

Dickey did preserve his Rule 403 objection that the court abused its discretion because the probative value of the evidence was outweighed by the danger of unfair prejudice.  The court found to the contrary—that the Rule 404(b) evidence was not substantially more prejudicial than probative under Rule 403. The first two prongs of the test for admissibility under Rule 404(b) are not seriously in dispute.  The intent to distribute a controlled substance established by the Rule 404(b) evidence is identical to the intent required in the instant case.  In addition, no evidence casts doubt on the essential facts of Dickey's prior conviction.

Dickey focuses on the third prong of the admissibility test, alleging that the jury did not need the prior conviction in order to find him guilty, which limits the evidence's probative value, and that the main purpose of the evidence was to improperly portray him as a bad man.  At trial, Dickey disputed every piece of evidence that was not incontrovertibly documented through audio or video recording, and repeatedly claimed that he never intended to distribute crack cocaine.  "Evidence of prior drug dealings is highly probative of intent to distribute a controlled substance . . . ."  *Sanders*, 668 F.3d at 1314.  Because the issue of

4

intent was clearly in dispute and evidence of prior drug dealings is highly probative of intent to distribute a controlled substance, the Rule 404(b) evidence was highly probative. *See Sanders*, 668 F.3d at 1314. Furthermore, the court gave a limiting instruction to help minimize the prejudicial effect. *Brown*, 665 F.3d at 1247. In sum, the District Court did not abuse its discretion in finding that the prejudicial effect of the 404(b) evidence did not substantially outweigh its probative value.

AFFIRMED.